UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DORIS L. THORNTON                                                                                       PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:10CV203 DPJ-FKB

J.C. PENNEY COMPANY, INC.                                                                        DEFENDANT

ORDER

Doris Thornton was allegedly injured when she tripped over a board while shopping at a local J.C. Penney. She sued Defendant J.C. Penney Company Inc., and the case is set for trial June 30, 2011. The matter is before the Court on Defendant's motion in limine [25].[1] Having fully considered the premises, the Court finds that the motions should be granted without prejudice.

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

---

[1] Defendant filed a second Motion in Limine on June 20, 2011 [36], but Thornton's time to respond has not passed. The Court was inclined to handle the two motions collectively, but to assist the parties in preparation for trial, it will address the issues separately.

II.    Analysis

    A.    Break Room Statements

After the fall, individuals in J.C. Penney's break room apparently stated that the board should not have been on the floor. But it appears that Thornton cannot identify the declarants. J.C. Penney moves in limine to exclude the evidence primarily on hearsay grounds.[2] Hearsay is inadmissible. Fed. R. Evid. 802. But Rule 801(d)(2)(D) provides that a statement is not hearsay if offered against a party and "is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

Thornton's inability to identify the declarants is not necessarily fatal. In *Davis v. Mobil Oil Exploration & Producing Southeast, Inc.*, the Fifth Circuit faced a similar issue and affirmed the admission of an out-of-court statement made by an unidentified individual. 864 F.2d 1171, 1174 (5th Cir. 1989). The court noted that the inquiry is "whether enough evidence was presented to support a conclusion by the district court that a certain unidentified person was in fact the agent of Mobil so that any admissions made by that person constituted the admissions of Mobil for purposes of Rule 801(d)(2)(D)." *Id.* (finding sufficient circumstantial evidence that declarant was agent acting within scope of agency). In other words, the proponent of the statement does not necessarily need to identify the declarant, but she must offer sufficient evidence to conclude that Rule 801(d)(2)(D) applies.

Statements that the board was misplaced would be highly prejudicial and are therefore a proper subject for an in limine motion. Based on the current record, it is not clear that Thornton

---

[2]The Court does not, at this time, rule on the merits of J.C. Penney's other objections to this evidence.

has sufficiently established that the women were acting as agents "concerning a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2)(D); *see Kelly v. Labouisse*, 364 F. App'x 895, 896 (5th Cir. 2010) (affirming district court's exclusion of an employee's statement regarding a matter outside the employee's specific responsibilities). Accordingly, J.C. Penney's motion is granted. But as with any in limine order, Thornton will have the opportunity to lay a proper foundation outside the presence of the jury.

      B.    Confessed Issues

Thornton confessed the motion to the extent it relates to: offers of compromise and payment of medical expenses; subsequent remedial measures; liability insurance; and references to excluded evidence. These portions of the motion are granted.

Finally, J.C. Penney objected to the taking of trial depositions of certain expert medical witnesses. Since filing the motion, the parties agreed to depose Dr. Charles Pruitt and Dr. Ronald Williams, and this portion of the motion is denied to that extent.

III.    Conclusion

IT IS HEREBY ORDERED that Defendant's motion in limine [25] is granted without prejudice.

**SO ORDERED** this the 28th day of June, 2011.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE